No substantial doubt can be said to exist touching the material facts in this suit. Complainant is mortgagee of real estate on which there is erected a plant for extracting gasoline from oil. A part of the equipment of the plant heretofore included four large iron tanks which were annexed to and which formed a part of the realty. Defendant Howard L. Hager, the mortgagor, conveyed the mortgaged premises to defendant Hager Oil Company, which company has since been adjudged a bankrupt. Defendant Blaine, without right, *Page 63 
has detached and removed the four tanks already referred to to a nearby lot where they are now stored. The bill seeks to foreclose the mortgage and asserts that the lien of the mortgage still exists against the four tanks and the aid of this court is sought to have the tanks restored to their former position on the mortgaged land.
In jurisdictions in which a mortgage is regarded as a conveyance of the fee a mortgagee's right to follow and recover the severed property is usually recognized on the theory that the mortgagee enjoys the legal title; but in jurisdictions in which a mortgage is regarded as merely a lien for security great difficulty has been encountered to find any satisfactory theory for relief to the mortgagee after the severance, except the right to recover damages for the wrongful diminution of the security. This is fully pointed out by Mr. Justice Scudder in Verner v.Betz, 46 N.J. Eq. 256. But it will, I think, be found that almost uniformly this difficulty has arisen from the circumstance that the severance has been by or by authority of the owner of the fee, and rights of others in such cases usually have arisen as innocent purchasers from the mortgagor. In the present case neither of these elements is present. The tanks were removed by Blaine without right or authority emanating from the owner of any other person; his acts of severance and removal were acts of a trespasser and no rational theory suggests itself at this time whereby such acts can be said to disturb either the relation or relative rights of the mortgagor and mortgagee or be operative to impair the lien of the mortgage on objects which have become chattels solely because wrongfully detached from the realty by one without right and without title either legal or equitable. In such circumstances the disturbing theory of a fee in the mortgagor adequate to enable him to confer a legal title upon others appears to have no place since the detachment was not by his authority and no one is in the enjoyment of rights under him. It seems impossible to adopt the view that an act of pure vandalism on the part of a stranger should be operative to disturb the status of mortgagor and mortgagee against their will and thus divest the mortgage lien on the detached objects. See41 C.J. 506 § 440. *Page 64 
In Verner v. Betz, supra, which is a case in which the detached property, a house, had been moved by the mortgagor to another lot owned by him and the lot to which the house was moved then conveyed by the mortgagor to an innocent purchaser, the following view is expressed (at p. 268): "When the property severed passes into the possession of a person in collusion with him [the mortgagor] to defeat the lien and security of the mortgagee, whether upon or off the mortgaged premises, it would seem that the rights of the mortgagee would be unaffected." That view fully accords with the conclusion reached in that case by this court; the primary ground of reversal of the decree being the circumstance that the appellate court regarded the purchaser as an innocent purchaser from the mortgagor, for value. I am convinced that the unauthorized and wrongful severance of these tanks from the realty by defendant Blaine, and their removal by him from the mortgaged premises properly cannot be held to have impaired the lien of the mortgage.
The bill prays for a mandatory writ to compel Blaine at his own expense to restore the tanks to their former position. I have been unable to find any authority for that relief. A decree of that nature would be wholly unenforceable, except persuasively by process of contempt. In the Verner Case, already referred to, the decree of this court appointed a receiver to restore the property to its former position. The reversal of the decree was only because of the intervening equities. No unfavorable criticism was made of the remedy adopted. The receivership cost appropriately may be included in the decree, but Blaine's liability for the damages should be enforced at law. The mortgaged premises, when restored, may sell for enough to satisfy the decree. In such case the liability of Blaine for the receivership cost would be to the mortgagor, whose property Blaine wrongfully injured.
Defendant Blaine claims to have sold the tanks here in question to one Loges, who answered asserting title. But at the hearing Loges failed to appear to support his claim and the claim touching the sale was obviously false. Moreover, Blaine never had any title under the mortgagor or mortgagee or any other person and had nothing to sell. *Page 65